Stein, S.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 4/3/14

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SK MADISON COMMODITIES, LLC, MICHAEL JAMES SEWARD and YAN KAZIYEV a.k.a. IAN KAZIYEV,<br><br>Defendants,<br>and<br><br>SK MADISON, LLC,<br><br>Relief Defendant. | **Civil Action No. 1:14-cv-02025-SHS**<br><br>**~~[PROPOSED]~~ CONSENT ORDER OF PRELIMINARY INJUNCTION AND FOR OTHER EQUITABLE RELIEF AGAINST DEFENDANT YAN KAZIYEV** |

On March 24, 2014, Plaintiff U.S. Commodity Futures Trading Commission ("Commission") filed a Complaint [D.E. # 2] against Defendant Yan Kaziyev ("Kaziyev") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for alleged violations of the Commodity Exchange Act, 7 U.S.C. §§ 1 et seq., and Commission Regulations, 17 C.F.R. §§ 1.1 *et seq*. In addition, the Commission moved for a preliminary injunction. The Court has considered the pleadings, exhibits, and memorandum filed in support of the Commission's motion for preliminary injunction and any opposition papers filed thereto. The Court finds that Kaziyev, as evidenced by his signature below, acknowledges service of the Summons and Complaint, admits to this Court's jurisdiction over him and the subject matter of this action, and admits that venue lies properly with this Court. The Court further finds that Kaziyev, without admitting or denying the allegations of the Complaint except as to jurisdiction and venue, consents to the entry of this Order. The Court also finds that Kaziyev's consent to

this Order is entered into voluntarily and that no promise or threat has been made by the Commission, or any member, officer, agent, or representative of the Commission, to induce Kaziyev to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the parties, subject matter, and transactions at issue in this action pursuant to 7 U.S.C. § 13a-1 (2012).

2. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e) (2012).

3. Kaziyev waives the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. INJUNCTIVE RELIEF GRANTED

**THE PARTIES AGREE AND IT IS THEREFORE ORDERED THAT:**

4. Kaziyev, and any person or entity acting in the capacity of an officer, agent, servant, employee or attorney of Kaziyev, are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly violating 7 U.S.C. §§ 6b(a)(1)(A)-(C), 6k(2), 6m(1), and 6o(1) (2012) and 17 C.F.R. §§ 3.12, 4.20(a), and 4.41(a) (2013);

5. Kaziyev is also restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

a. Trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a (2012));

b. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in 17 C.F.R. § 1.3(hh) (2013)) ("commodity options"), security futures products, foreign currency (as described in 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i) (2012))

("forex contracts"), and/or swaps (as that term is defined in 7 U.S.C. § 1a(47) (2012), and as further defined by 17 C.F.R. § 1.3(xxx) (2013)) for his own personal account or for any account in which he has a direct or indirect interest;

c. Having any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts, and/or swaps traded on his behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, forex contracts and/or swaps;

e. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, forex contracts, and/or swaps;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9) (2013); and

g. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2013)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a (2012)) registered, exempted from registration or required to be registered with the Commission except as provided for in 17

C.F.R. § 4.14(a)(9) (2013).

## II. FORCE AND EFFECT

**THE PARTIES AGREE AND IT IS FURTHER ORDERED THAT:**

6. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action. Further, the Court's March 24, 2014 Statutory Restraining Order ("SRO") [D.E. # 8] and the terms and conditions set forth therein are incorporated herein by reference and shall remain in full force and effect until further order of this Court or as otherwise provided herein.

7. Notwithstanding Section I of the SRO, Kaziyev shall be permitted to spend up to $6,000.00 per month to pay for legal representation in this action, housing, food, and other living expenses only, from assets or income acquired after March 24, 2014, including proceeds from the sale of Kaziyev's current personal assets (the "after-acquired income"), provided that:

a. the after-acquired income is or was not derived, directly or indirectly, from the operations of Defendant SK Madison Commodities, LLC or Relief Defendant SK Madison, LLC;

b. any sale of Kaziyev's current personal assets is conducted at arm's length with a *bona fide* third party;

c. the after-acquired income, including any and all proceeds from any sale of Kaziyev's current personal assets, is deposited and maintained in a segregated account, and the name, number, and location of Kaziyev's segregated account is disclosed to the Commission within five (5) days of entry of this Order or the date said account is opened, whichever occurs last;

d. all monthly account statements for and documents regarding any deposits into Kaziyev's segregated account, including documents showing the source of the after-acquired income, are provided to the Commission on or before the 10th business day of each month for the period ending on the last day of the preceding calendar month, except that with respect to the first group of documents provided to the Commission, such group of documents shall encompass the period March 24, 2014 through the last day of the calendar month immediately preceding the delivery of such documents;

e. all after-acquired income in excess of the $6,000.00 per month for the expenses described above shall remain frozen in the segregated account subject to the terms of this Order; and

f. all disclosures required to be made pursuant to this Paragraph 7 shall be made via e-mail, fax, or overnight delivery to:

Daniel C. Jordan
Division of Enforcement
U.S. Commodity Futures Trading Commission
1151 21st Street NW
Washington, DC 20581
djordan@cftc.gov
(202) 418-5339
(202) 418-5937 fax

8. The bank account at Bank of America in the name of Yan Y. Kaziyev and Tamila Kaziyev, Account No. *********7296, shall be exempt from the requirements of Section I of the SRO, and any funds held in that account as of the date of this Order may be used only in accordance with Paragraph 7.

## III. SHOW CAUSE HEARING IS CANCELLED

**IT IS FURTHER ORDERED THAT:**

9. The hearing set for April 8, 2014 in Courtroom 23A at 12:00pm, as set forth in the Court's April 12, 2014 order [D.E. #12], is hereby cancelled with respect to Mr. Kaziyev.

## IV. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT:**

10. As an agency of the United States of America and pursuant to 7 U.S.C. § 13a-1(b) (2012), Plaintiff Commission need not post a bond.

**IT IS SO ORDERED**, this 3 day of April, 2014, at New York, New York at 3:10 M.

UNITED STATES DISTRICT JUDGE

**CONSENTED TO AND APPROVED BY:**

_______________________ Dated: 4/3/14

Yan Kaziyev

_______________________ Dated: 4/3/14

Daniel C. Jordan
Richard Glaser
U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, D.C. 20581
Telephone: (202) 418-5339 (Jordan)
Facsimile: (202) 418-5937
djordan@cftc.gov



Received Time Apr. 3. 2014 2:25PM No. 1268